**CONNOT LAW OFFICE PLLC**
MARK J. CONNOT (10010)
8965 South Eastern Avenue, Ste. 382
Las Vegas, NV  89123
Tel:  702.603.5445
mconnot@connotlaw.com

*Attorneys for Defendant AOC Healthcare
Center, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

NEW HORIZON MEDICAL
SOLUTIONS LLC,

   Plaintiff,

vs.

AOC HEALTHCARE CENTER, LLC,

   Defendant.

Case No.: 2:25-cv-02372-APG-DJA

**ANSWER AND AFFIRMATIVE DEFENSES**

  Defendant, AOC HEALTHCARE CENTER, LLC ("Defendant"), by and through their undersigned counsel, hereby files their Answer and Affirmative Defenses to the Amended Complaint filed in this action by the Plaintiff, NEW HORIZON MEDICAL SOLUTIONS LLC ("Plaintiff"), and in connection therewith states:

### JURISDICTIONAL ALLEGATIONS

  1. Admitted.

  2. Admitted.

  3. Admitted for jurisdictional purposes only.  Entitlement to any relief is denied.

  4. Admitted.

  5. Paragraph 5 asserts a legal conclusion to which no response is required.  Unless expressly admitted herein, any and all remaining allegations are denied.

1

**GENERAL ALLEGATIONS**

6. Admitted that on or about December 30, 2024, the Plaintiff and the Defendant entered into the referenced Agreement. The referenced Agreement speaks for itself, and any interpretation thereof is denied. Unless expressly admitted herein, any and all remaining allegations are denied.

7. The subject Agreement speaks for itself, and any interpretations thereof or allegations related thereto are denied. Unless expressly admitted herein, any and all allegations of paragraph 7 are denied.

8. The subject Agreement speaks for itself, and any interpretations thereof or allegations related thereto are denied. Unless expressly admitted herein, any and all allegations of paragraph 8 are denied.

9. Paragraph 9 asserts a legal conclusion to which no response is required. Unless expressly admitted herein, any and all allegations of Paragraph 9 are denied.

10. The subject Agreement speaks for itself, and any interpretations thereof or allegations related thereto are denied. Unless expressly admitted herein, any and all remaining allegations of paragraph 10 are denied.

11. The subject Agreement speaks for itself, and any interpretations thereof or allegations related thereto are denied. Unless expressly admitted herein, any and all remaining allegations of paragraph 11 are denied.

12. Defendant admits that AOC Healthcare purchased Products from New Horizon subject to the terms set forth in the parties' agreement. Unless expressly admitted herein, any and all remaining allegations of paragraph 12 are denied.

13. Denied.

14. Denied.

15. Denied.

16. The referenced communication speaks for itself, and any interpretation thereof or allegations related thereto are denied. Unless expressly admitted herein, any and all allegations of paragraph 16 are denied.

17. Denied.

## FIRST CAUSE OF ACTION

### Breach of Contract

18. Defendant adopts and restates their responses to each of the allegations set forth in the preceding paragraphs as if fully set forth herein, and further responds as follows:

19. Paragraph 19 asserts a legal conclusion to which no response is required. Unless expressly admitted herein, any and all allegations of Paragraph 19 are denied.

20. Denied.

21. Paragraph 21 asserts a legal conclusion to which no response is required. Unless expressly admitted herein, any and all allegations of Paragraph 21 are denied.

22. Denied.

23. Denied.

24. Paragraph 24 asserts a legal conclusion to which no response is required. Unless expressly admitted herein, any and all allegations of Paragraph 24 are denied.

25. Denied.

## SECOND CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

26. Defendant adopts and restates their responses to each of the allegations set forth in the preceding paragraphs as if fully set forth herein, and further responds as follows:

27. Admitted.

28. Paragraph 28 asserts a legal conclusion to which no response is required. Unless expressly admitted herein, any and all allegations of Paragraph 28 are denied.

29. Paragraph 29 asserts a legal conclusion to which no response is required. Unless expressly admitted herein, any and all allegations of Paragraph 29 are denied.

30.    Paragraph 30 asserts a legal conclusion to which no response is required.  Unless expressly admitted herein, any and all allegations of Paragraph 30 are denied.

31.    Denied.

32.    Paragraph 32 asserts a legal conclusion to which no response is required.  Unless expressly admitted herein, any and all allegations of Paragraph 32 are denied.

33.    Denied.

In response to the unnumbered WHEREFORE clause following paragraph 33 of Plaintiff's Amended Complaint, including subparts 1 through 4, Defendant, AOC HEALTHCARE CENTER, LLC denies that Plaintiff, NEW HORIZON MEDICAL SOLUTIONS LLC has been damaged by any actions of Defendant, and denies that Plaintiff is entitled to any relief from Defendant, and strict proof as to all set forth allegations is demanded by Defendant.

### General Denial of Remaining Allegations

Any remaining allegations contained within the Amended Complaint and not otherwise specifically responded to are denied.

### <u>AFFIRMATIVE DEFENSES</u>

As separate and distinct defenses to the Amended Complaint, Defendant, without conceding that it has the burden of proof subject to applicable law, alleges the following:

1.    To the extent that Plaintiff has suffered damages, the claims brought by Plaintiff are barred in whole or in part by their failure to take reasonable and/or necessary steps to mitigate their damages.

2.    Plaintiff's claims are barred, in whole or in part, by virtue of:

   a.  The doctrine of estoppel;

   b.  The doctrine of waiver;

   c.  The statute(s) of limitations;

   d.  The doctrine of laches; and

   e.  The doctrine of unclean hands.

3.    Plaintiff's claims are barred because they are based on a contract that is unenforceable because it was entered into under duress and coercion.

4.    Plaintiff's claims are barred because they are based on a contract that is unenforceable because Plaintiff fraudulently induced Defendant to enter into the contract.

5.    Plaintiff's claims are barred due to failure of the occurrence of a condition precedent to payment under the contract.  Defendant has not yet been paid by the Federal payor for the products at issue and thus payment for these products is not yet due to Plaintiff.

6.    The Amended Complaint fails to state a claim upon which relief can be granted against Defendant to the extent Plaintiff has failed to allege each and every element of each of their claims or failed to provide legally sufficient factual details to support their conclusory allegations.

7.    The claims brought Plaintiff are barred by the doctrine of estoppel.  In connection therewith, but not necessarily by way of limitation, Defendant relied upon representations made by Plaintiff in connection with their purchase of products from Plaintiff, and in connection with the subject Agreement, to Defendant's detriment.  Such avoids liability in whole or in part. In addition thereto, or alternatively, Plaintiff is estopped by their failure to timely act or assert rights as and to the fullest extent required by the subject Agreement or applicable law. Such avoids liability in whole or in part.

8.    Plaintiff's breach of contract and breach of the implied covenant of good faith and fair dealing claims are barred by the doctrine of accord and satisfaction.

9.    Plaintiff's breach of contract and breach of the implied covenant of good faith and fair dealing claims are barred by the doctrine of anticipatory breach.

10.    Plaintiff's breach of contract and breach of the implied covenant of good faith and fair dealing claims are barred on the grounds that Plaintiff was the first breaching party and thus, cannot recover for any alleged breaches by Defendant.

5

11. Plaintiff's breach of contract and breach of the implied covenant of good faith and fair dealing claims are barred on the grounds that Plaintiff breached the implied covenant of good faith and fair dealing and thus, cannot recover for any alleged breaches by Defendant.

12. Plaintiff's breach of the implied covenant of good faith and fair dealing claim is barred as and to the fullest extent that Plaintiff cannot demonstrate a material breach of the underlying contract, as the implied covenant is not a stand-alone cause of action.

13. Plaintiff's claim is barred, and their recovery, if any, must be reduced or denied, in whole or in part, where it has breached the implied covenant of good faith and fair dealing with regard to its performance of the subject agreement vis-à-vis Defendant.

14. Plaintiff's claim is barred, and their recovery, if any, must be reduced or denied, in whole or in part, where Defendant fully performed, or substantially performed, all of its obligations under the subject agreement, and was not in breach of the agreement at the time that Plaintiff's performance was due. Plaintiff failed to timely perform its obligations, in material breach of the agreement, thereby excusing Defendant's further performance.

15. Plaintiff's alleged damages, if any, were caused by one or more intervening and/or superseding causes and, therefore, Plaintiff is barred from recovery or, alternatively, are barred from full recovery.

16. Plaintiff's claims are avoided in whole or in part because Defendant acted justifiably under the circumstances to protect their own legitimate business interests.

17. Plaintiff's claims are avoided, either in whole or in part, through application of the doctrine of avoidable consequences, in that the Plaintiff cannot recover any damages that they could have reasonably avoided.

18. Plaintiff is not entitled to the relief sought in their claims because such relief, if granted, would constitute unjust enrichment or would otherwise inequitably benefit the Plaintiff at the expense of Defendant.

19. Defendant is entitled to a set-off or reduction of damages as a result of the improper actions or conduct of Plaintiff as otherwise alleged within these overall proceedings.

**RESERVATION OF PLEADING ADDITIONAL AFFIRMATIVE DEFENSES**

Defendant, AOC HEALTHCARE CENTER, LLC reserves the right to assert additional affirmative defenses as and to the fullest extent otherwise permitted by law or order of this Court, or which may be learned or disclosed through the discovery process.

WHEREFORE, Defendant, AOC HEALTHCARE CENTER, LLC respectfully requests this Honorable Court enter its Order denying all relief sought within the Amended Complaint and otherwise awarding to Defendant their costs associated with this action, attorney's fees as and to the fullest extent permitted by law, and such other relief as the Court deems just and proper.

Dated: January 13, 2026.

Respectfully submitted,

**CONNOT LAW OFFICE PLLC**

By: */s/ Mark J. Connot*
MARK J. CONNOT (10010)
*Attorney for Defendant AOC Healthcare Center, LLC*

7

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5, LR IC4-1, and LR 5-1, I hereby certify that I am an employee of CONNOT LAW OFFICE PLLC, and that on this 13th day of January, 2026, I caused to be served a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** via transmission of Notices of Electronic Filing generated by Court's Electronic Filing System on all parties on the current service list.

/s/ Doreen Loffredo
An Employee of CONNOT LAW OFFICE PLLC

8